**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH M. ENGEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-392-AGF |
| | ) | |
| CYBELLE WEBBER, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Joseph M. Engel's motion for leave to proceed in forma pauperis, and Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  The Court has reviewed Petitioner's motion, and determined that Petitioner is unable to pay the filing fee.  The Court will therefore grant the motion.  Additionally, the Court will deny and dismiss the petition because it is successive and was filed without authorization from the United States Court of Appeals for the Eighth Circuit.  Finally, the Court will deny as moot Petitioner's motion to appoint counsel.

**Background**

In July of 2019, Petitioner pleaded guilty to multiple offenses, including burglary, property damage, and resisting arrest.  *See State v. Engel,* No. 18JE-CR03639-01 (23rd Jud. Cir. 2018).  On November 1, 2019, Petitioner was sentenced to concurrent prison terms totaling ten years.  The State court suspended execution of the sentences, and placed Petitioner on probation.  He did not seek direct review.  Petitioner was later found to have violated the conditions of probation, and on August 6, 2020, the State court revoked it and ordered the execution of the previously-imposed sentences.  Petitioner is currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri.

On December 28, 2020, Petitioner filed a motion for post-conviction relief in Missouri State court. *See Engel v. State*, No. 21JE-CC00031 (23rd Jud. Cir. 2020). The State moved to dismiss the motion as untimely. The case was dismissed on July 8, 2021 without further proceedings, but the Missouri State court records do not include an order explaining the basis for the dismissal. On March 22, 2022, petitioner filed a Petition for Writ of Habeas Corpus in the Missouri Supreme Court. *See Engel v. State*, No. SC99540 (Mo. 2022). On May 17, 2022, the petition was denied. The Court takes judicial notice of the foregoing publicly-available Missouri State court records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

On May 26, 2022, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in this United States District Court, seeking to challenge the judgment entered in *State v. Engel,* No. 18JE-CR03639-01. *See Engel v. Webber,* No. 4:22-cv-598-AGF (E.D. Mo. 2022) (hereafter "*Engel I*"). Upon initial review, the Court determined that, regardless of whether Petitioner challenged the November 1, 2019 conviction or the August 6, 2020 revocation and execution of sentence, the petition was untimely and subject to dismissal. The Court gave Petitioner the opportunity to show cause why the petition should not be dismissed as untimely. Petitioner failed to demonstrate such cause, and on November 9, 2022, the Court dismissed the petition.

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on March 24, 2023. He again challenges the judgment of conviction entered in *State v. Engel,* No. 18JE-CR03639-01, and asserts various claims for relief. For example, he claims he received ineffective assistance of counsel when his attorney misrepresented facts about the plea agreement,

failed to obtain certain materials, lied, and committed other alleged wrongdoing.  Petitioner also claims his due process rights were violated because the judge failed to keep order in the courtroom and Petitioner could not focus on the proceedings, and he claims the sentences he received were improper.  Petitioner also claims his *Miranda* rights were violated because he was not read his rights when he was arrested.  Petitioner also claims that the "'misrepresentation' of the facts which caused him to part with VI Amendment rights are repugnant to the V and XIV Amendments." (ECF No. 1 at 7).  Petitioner asserts that the petition is timely "under § 2254(d) in that his form-40 and subsequent filings were done after the revocation hearing, which is when the factual predicate of his claims were discovered."  *Id.* at 4.  Petitioner also asserts that the *Engel I* petition was timely.

### Discussion

While Petitioner states he believes the *Engel I* petition was timely, he cannot be understood to have filed the instant petition to seek relief from the judgment entered in that case.  Instead, Petitioner clearly states his intent to proceed pursuant to 28 U.S.C. § 2254, and he asserts federal bases for relief from the judgment of conviction in *State v. Engel,* No. 18JE-03639-01.  The Court concludes that the petition is properly treated as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

In the petition, Petitioner challenges the same Missouri State court judgment he challenged in *Engel I,* which constituted an adjudication on the merits that renders future petitions under § 2254 challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of

Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). That requirement is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

There is no indication that Petitioner has sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit, and will instead dismiss the petition.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, without prejudice, because it is an unauthorized successive petition. A separate dismissal order will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 4) is **DENIED** as moot.

4

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

Dated this 5th day of July, 2023.

AUDREY G. FLEISSIG
SENIOR UNITED STATES DISTRICT JUDGE

5